IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| HAROLD L. PHILLIPS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-006 |
| | § | |
| STATE OF TEXAS, ET AL. | § | |

**OPINION AND ORDER**

  Before the Court is the Motion for Summary Judgment of Defendants State of Texas, Texas Department of Family and Protective Services, Kathy Leacroy, Monica Sanders, Cheryl Triplett and Bob (Robert) Decker, to which Plaintiff has filed a Response. Having carefully reviewed all motions and Plaintiff's Response, this Court now issues the following Opinion and Order.

  Plaintiff has sued all Defendants in this cause complaining of state law and constitutional violations committed on September 23, 2002, when employees of the Family and Protective Services appeared at his home and ordered that eleven children in his care be returned to their respective families. In deciding a summary judgment motion, the Court draws all reasonable inferences in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby,* 477 U.S. 242, 255 (1986); however, only those few facts which provide the necessary basis for this Court's Opinion and Order need to be addressed.

  Plaintiff alleges that the Texas Department of Family and Protective Services is vicariously liable for the actions of its employees, to wit: Defendants Katy Leacroy, Monica Sanders, Cheryl Triplett and Bob Decker. Plaintiff further asserts that the State of Texas, as overseer of all state

1

agencies, is responsible for the actions and/or negligence of such agencies, as well as employees of such agencies.

State agencies are not "persons" subject to liability under 42 U.S.C. Section 1983, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), and cannot be sued in federal court under the Eleventh Amendment absent a waiver of their immunity from such suits. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978)). Claims against the State of Texas and the Texas Department of Family and Protective Services are barred by the Eleventh Amendment, *Hans v. Louisiana*, 134 U.S. 1 (1980), and this Court therefore lacks subject matter jurisdiction to entertain them. This immunity extends to suits for monetary damages against state officials in their official capacity. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 609 n. 10 (2001). It is, therefore, **ORDERED** that all claims against the State of Texas and the Texas Department of Family and Protective Services are **DISMISSED**, with prejudice.

Plaintiff also alleges that Defendants Sanders, Leacroy and Triplett violated his rights under the Fourth Amendment when they improperly searched his residence for children, without a warrant. The Fourth Amendment prohibits unreasonable searches and seizures and states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched..." U.S. CONST. amend. IV; *Mapp v. Ohio,* 367 U.S. 643, 655 (1961). Defendants assert that Plaintiff has failed to plead facts sufficient to overcome their entitlement to qualified immunity. This Court does not agree. Little to no summary judgment evidence has been presented by Defendants to convince the Court that Defendants were faced with facts and circumstances which would lead a reasonable and prudent caseworker to conclude that Plaintiff was

hiding or concealing children in his home. Plaintiff states in his Response to Defendants' summary judgment motion (page 3) that after he was ordered to call and arrange for parents to pick up their children, he " luckily managed to find all of the parents and grandparents and get all my children picked up." There are simply no facts in the record to demonstrate probable cause to search Plaintiff's home without a warrant. *See Anderson v. Creighton*, 483 U.S. 635, 642 (1987). Given the paucity of facts before the Court and having considered Plaintiff's complaint and response to Defendants' summary judgment motion, the Court concludes that the record contains factual allegations that could support a Fourth Amendment claim against Defendants Sanders, Triplett and Leacroy, and summary judgment is **DENIED** as to this claim.

Plaintiff also alleges that his rights to due process were violated on September 23, 2002, when he was informed that since his visits with his own children must be supervised, he was not allowed to be around other children (and was ordered that they be removed from his home by their parents). Plaintiff denies that any document regarding supervised visits, only, with his children exists, and claims that this false statement and the false reports that he was mistreating the children, all of which led to the removal of the children from his care, constitutes a violation of his due process rights. Defendants move for summary judgment on this issue based on qualified immunity.

"Qualified immunity protects officials in the course of the performance of their discretionary duties unless their conduct violates a clearly established [federal] statutory or constitutional right of which a reasonable person would have known." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). To determine if qualified immunity applies, the district court must first determine whether the Plaintiff has asserted a violation of a clearly established constitutional or statutory right. *See Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir. 1998). If an official has violated a person's

federal civil rights, the second analytical step is to determine whether the official's actions were objectively reasonable. *Gutierrez,* 139 F.3d at 445.

According to the Due Process Clause, no state may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Plaintiff cites no caselaw in support of his due process claim and the Court could find none as it relates to babysitters or caretakers. However, stringent caselaw does exist in similar situations involving families, where it has been held that there is a constitutional right to family integrity. *See Morris v. Dearborne*, 181 F.3d 657 (5th Cir. 1999) (a teacher's fabricated report of sexual abuse of a child by the father constituted a violation of substantive due process). Assuming, *arguendo,* that such a right extends to babysitters and caretakers, the question then becomes whether the Defendants' actions were objectively reasonable. With respect to families, the Fifth Circuit has held that the contours of a substantive due process right to family integrity "are not well-defined and continue to be nebulous, especially in the context of a state's taking temporary custody of a child during an investigation of possible parental abuse." *Kiser v. Garrett*, 67 F.3d 1166, 1172 (5th Cir. 1995). Accordingly, the Fifth Circuit has affirmed district court decisions recognizing qualified immunity for state actors whose reports or investigations of complaints of child abuse result in the temporary removal of a child from parents' custody. In these cases, the Fifth Circuit recognized that social workers investigating suspected child abuse are entitled to qualified immunity, even in the face of evidence that the social workers threatened parents with removal of their children, and even misled families about the danger facing their children. *See Hodorowski v. Ray*, 844 F.2d 1210, 1217 (5th Cir. 1998); *Kiser*, 67 F.3d at 1173; *Doe v. State of Louisiana*, 2 F.3d 1412, 1417 (5th Cir. 1993).

In her affidavit,[1] Defendant Sanders, Supervisor at the Department of Family and Protective Service, states that her agency received a report of abuse and neglect of two children in Plaintiff's care. An investigation revealed that the children were at risk; therefore, she and Defendants Leacroy and Triplett determined that the children should be removed from Plaintiff's residence and placed in the care of the agency until the agency was able to interview the parents of the children. Similarly, Defendant Triplett, Program Director at the Department of Family and Protective Services, states in her affidavit[2] that it is within her authority to assess the safety of children in their own home or in the care of a caregiver, and to approve the removal of children from their environment if it is determined that the children are not safe or are at risk for abuse and neglect. She further states that pursuant to the guidelines outlined in the Texas Family Code, her agency has the authority under the law to remove children where there is imminent risk of harm. Given the stringency of the law as it relates to family integrity (and the removal of children from families if a need is determined), the Court cannot imagine that the law would possibly be any less stringent with regard to babysitters, caretakers and other non-family child care providers. In light of existing law and the affidavits of Defendants, this Court is of the opinion that Defendants Triplett, Leacroy and Sanders were acting within their discretionary authority when they ordered that parents remove their children from Plaintiff's home, and are entitled to qualified immunity with respect to this claim. It is, therefore, **ORDERED** that all due process claims are **DISMISSED** with prejudice**.**

Plaintiff also alleges that his rights to due process were violated when Defendant Decker requested the birth certificates and social security numbers of children who were under the care of

---

[1] Defendants' Motion for Summary Judgment, Exhibit B.

[2] Defendants' Motion for Summary Judgment, Exhibit C.

their grandparents. Plaintiff has no standing to bring claims regarding actions taken by a state actor against a non-party to the lawsuit. *Warth v. Seldin*, 422 U.S. 490 (1985) (only Plaintiffs who have suffered from specific, overt acts alleged have standing to sue under Section 1983). For this reason, it is **ORDERED** that all claims against Robert Decker are **DISMISSED**, with prejudice.

Plaintiff's claim that Defendant Leacroy defamed him in front of lawyers is a state law claim; given the nature of this cause of action, this Court sees no reason to exercise supplemental jurisdiction over this matter. Therefore, in the absence of federal jurisdiction, it is **ORDERED** that this state law claim is **DISMISSED**, without prejudice.

The residue of this matter is referred to the Magistrate Judge for further consideration.

**DONE** at Galveston, Texas, this the 16th day of September, 2005.

_____
Samuel B. Kent
United States District Judge